State's Attorney, it must, under the Municipal Court Act, be sworn to by him, and his affidavit in due form should be appended thereto and subscribed by him, and the jurat of the officer in due form should also be appended and signed by him in his official capacity.

4. INDICTMENT AND INFORMATION, § 20*—*verification of amended information.* Where an information is amended in court, it must be reverified by the prosecuting witness, and a new affidavit and jurat in due form should be appended and subscribed by the prosecuting witness and the officer in the same manner as originally.

5. CRIMINAL LAW, § 497*—*presumption as to amendment of information.* It cannot be presumed that an information was amended from a showing that leave to amend was granted.

6. CRIMINAL LAW, § 372*—*what constitutes judgment.* The announcement of the court or the judge's minutes are no part of the judgment proper, and cannot be so considered; they merely serve as indicators for the correct recording of the judgment and sentence in the record by the clerk.

---

## Albert B. Yudelson, Plaintiff in Error, v. Philip Winterberg, Defendant in Error.

### Gen. No. 18,821. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. PERRY L. PERSONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed March 26, 1914. Rehearing denied April 9, 1914.

### Statement of the Case.

Action by Albert B. Yudelson against Philip Winterberg to recover a sum claimed by the plaintiff to be due him for services as a physician. The defendant interposed a set-off and claimed that part of the services rendered by plaintiff were rendered before he had a license to practice medicine. On a trial before the court without a jury the court found in favor of defendant upon both items of defense and rendered judgment for plaintiff for seven dollars. Plaintiff sues out a writ of error to reverse the judgment.

W. A. Fraser Co. v. The Chicago, B. & Q. R. Co., 185 Ill. App. 455.

ISRAEL COWEN, for plaintiff in error.

BLUM & BLUM, for defendant in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 25*—*time for suing out writ of error*. Motion to dismiss writ of error to review a judgment of the Municipal Court on the ground that it was not sued out within thirty days as required by section 23 of the Municipal Court Act, J. & A. ¶ 3335, denied for the reason that such section had been *held* unconstitutional.

2. MUNICIPAL COURT OF CHICAGO, § 18*—*when motion for nonsuit comes too late*. Under section 30 of the Municipal Court Act, J. & A. ¶ 3342, a motion for nonsuit comes too late when made after the court had stated in substance what his finding would be, though made before the court made formal announcement of his finding.

---

## W. A. Fraser Company, Appellee, v. The Chicago, Burlington & Quincy Railroad Company, Appellant.

### Gen. No. 18,907. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. H. C. MORAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed March 26, 1914. Rehearing denied April 9, 1914.

### Statement of the Case.

Action by W. A. Fraser Company against The Chicago, Burlington & Quincy Railroad Company to recover for the loss of grain shipped by the plaintiff over the railroad of defendant at various times during a period of eight years. Plaintiff was in the grain

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.